UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
NEW ALBANY DIVISION

SHELLEY B.,[1]                              )
                                            )
                    Plaintiff,              )
                                            )
           v.                               )     No. 4:25-cv-00142-TWP-KMB
                                            )
FRANK BISIGNANO,                            )
                                            )
                    Defendant.              )

## REPORT AND RECOMMENDATION ON COMPLAINT FOR JUDICIAL REVIEW

Plaintiff Shelley B. applied for disability benefits from the Social Security Administration ("SSA") on February 21, 2023, alleging an onset date of November 16, 2017.   [Dkt. 7-5 at 5.] Administrative Law Judge Douglas Gilmer (the "ALJ") issued a decision on August 15, 2024, concluding that Shelley was not disabled and therefore not entitled to receive the requested benefits. [Dkt. 7-2 at 19-28.]   The Appeals Council denied her request for review on May 22, 2025.   [*Id.* at 2-4.]   On July 25, 2025, Shelley timely filed this civil action, asking the Court to review the denial of benefits according to 42 U.S.C. § 405(g) and 28 U.S.C. § 1361.   [Dkt. 1.]

This matter was referred to the Magistrate Judge under 28 U.S.C. § 636(b)(1)(B) and Fed. R. Civ. P. 72(b) for a Report and Recommendation as to the appropriate disposition of the pending motion.   For the reasons detailed herein, the Magistrate Judge recommends that the District Judge **REVERSE and REMAND** the Commissioner's decision.

---

[1] To protect the privacy interests of claimants for Social Security benefits, and consistent with the recommendation of the Court Administration and Case Management Committee of the Administrative Office of the United States Courts, the Southern District of Indiana has opted to use only the first names and last initials of non-governmental parties in its Social Security judicial review opinion.

## I. STANDARD OF REVIEW

"The Social Security Administration (SSA) provides benefits to individuals who cannot obtain work because of a physical or mental disability." *Biestek v. Berryhill*, 139 S. Ct. 1148, 1151 (2019). Disability is the inability "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." *Stephens v. Berryhill*, 888 F.3d 323, 327 (7th Cir. 2018) (citing 42 U.S.C. § 423(d)(1)(A)).

When an applicant appeals an adverse benefits decision, this Court's role is limited to ensuring that the ALJ applied the correct legal standards and that substantial evidence exists for the ALJ's decision. *Stephens*, 888 F.3d at 327. "[S]ubstantial evidence" is "evidence that 'a reasonable mind might accept as adequate to support a conclusion.'" *Zoch v. Saul*, 981 F.3d 597, 601 (7th Cir. 2020) (quoting *Biestek*, 139 S. Ct. at 1154). "Although this Court reviews the record as a whole, it cannot substitute its own judgment for that of the SSA by reevaluating the facts, or reweighing the evidence to decide whether a claimant is in fact disabled." *Stephens*, 888 F.3d at 327. Reviewing courts also "do not decide questions of credibility, deferring instead to the ALJ's conclusions unless 'patently wrong.'" *Zoch*, 981 F.3d at 601 (quoting *Summers v. Berryhill*, 864 F.3d 523, 528 (7th Cir. 2017)). "[E]ven under deferential standard of review for social security disability cases, an [ALJ] must provide a logical bridge between the evidence and [the] conclusions." *Jarnutowski v. Kijakazi*, 48 F.4th 769, 773 (7th Cir. 2022) (internal quotations omitted).

The SSA applies a five-step evaluation to determine whether the claimant is disabled. *Stephens*, 888 F.3d at 327 (citing 20 C.F.R. § 404.1520(a)(4); 20 C.F.R. § 416.920(a)(4)). The ALJ must evaluate the following, in sequence:

2

> (1) whether the claimant is currently [un]employed; (2) whether the claimant has a severe impairment; (3) whether the claimant's impairment meets or equals one of the impairments listed by the [Commissioner]; (4) whether the claimant can perform her past work; and (5) whether the claimant is capable of performing work in the national economy.

*Clifford v. Apfel*, 227 F.3d 863, 868 (7th Cir. 2000), *as amended* (Dec. 13, 2000) (citations omitted).    "If a claimant satisfies steps one, two, and three, she will automatically be found disabled.    If a claimant satisfies steps one and two, but not three, then she must satisfy step four. Once step four is satisfied, the burden shifts to the SSA to establish that the claimant is capable of performing work in the national economy."    *Knight v. Chater*, 55 F.3d 309, 313 (7th Cir. 1995).

After Step Three, but before Step Four, the ALJ must determine a claimant's residual functional capacity ("RFC") by evaluating "all limitations that arise from medically determinable impairments, even those that are not severe."    *Villano v. Astrue*, 556 F.3d 558, 563 (7th Cir. 2009). In doing so, the ALJ "may not dismiss a line of evidence contrary to the ruling."    *Id*.    The ALJ uses the RFC at Step Four to determine whether the claimant can perform her own past relevant work and if not, at Step Five to determine whether the claimant can perform other work.    *See* 20 C.F.R. § 404.1520(a)(4)(iv), (v).

If the ALJ committed no legal error and substantial evidence exists to support the ALJ's decision, the Court must affirm the denial of benefits.    *Stephens*, 888 F.3d at 327.    When an ALJ's decision does not apply the correct legal standard, a remand for further proceedings is usually the appropriate remedy.    *Karr v. Saul*, 989 F.3d 508, 513 (7th Cir. 2021).    Typically, a remand is also appropriate when the decision is not supported by substantial evidence.    *Briscoe ex rel. Taylor v. Barnhart*, 425 F.3d 345, 355 (7th Cir. 2005).

3

## II. BACKGROUND[2]

Shelley was 60 years old when she applied for disability benefits. [Dkt. 7-2 at 27.] The ALJ followed the five-step evaluation set forth by SSA in 20 C.F.R. § 404.1520(a)(4) and concluded that Shelley was not disabled. Specifically, the ALJ found as follows:

- At Step One, Shelley has not engaged in substantial gainful activity since during the period from her alleged onset date of November 16, 2017, through her date last insured of December 31, 2022. [Dkt. 7-2 at 21.]

- At Step Two, Shelley has the following severe impairments: an immune system disorder. [*Id.*]

- At Step Three, Shelley does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments. [*Id.* at 23-24.]

- After Step Three but before Step Four, Shelley has the RFC "to perform the full range of medium work as defined in 20 CFR 404.1567(c)." [*Id.* at 24-27.]

- At Step Four, Shelley has no past relevant work history. [*Id.* at 27.]

- At Step Five, relying on testimony from the vocational expert ("VE"), and considering Shelley's age, education, and RFC, there were jobs that existed in the national economy that Shelley could have performed through the date of the decision. [*Id.* at 27-28.]

## III. DISCUSSION

Shelley raises four issues for the Court's review: (1) whether the ALJ erred in assessing her and her husband's testimony; (2) whether the ALJ erred in assessing the medical opinions regarding whether she can work on a regular and continuing basis; (3) whether the ALJ's Step Three assessment was flawed; and (4) whether the mental limitations set forth in the RFC by the ALJ were unsupported. [Dkt. 9.] The undersigned believes that the third issue raised is dispositive and begins the analysis there.

---

[2] The relevant evidence of record is set forth in the Parties' briefs and need not be repeated here. Specific facts relevant to the disposition of this case are discussed below as necessary.

### A.    Whether the ALJ's Step Three Analysis was Flawed

The Court begins with the background necessary to understand Shelley's claim regarding the ALJ's Step Three analysis before turning to the Parties' arguments and relevant legal standards. At Step Two, the ALJ concluded that Shelley had one severe impairment—namely, an unspecified "immune system disorder."[3] [Dkt. 7-2 at 21.] The ALJ concluded that Shelley's other impairments were not severe, including her anti-pneumococcal polysaccharide antibody deficiency (also known as specific antibody deficiency ("SAD")), thyroid disorder, and sinusitis. [*Id.* at 22.]

At Step Three, the ALJ then considered whether Shelley's unspecified immune system disorder met or medically equaled one of the listed impairments. [*Id.* at 23.] The entirety of the ALJ's Step Three analysis is as follows:

> There are no opinions in the record from medical experts or any other type of medical or psychological consultants, who have been designated by the Commissioner, which indicate that the claimant's impairments alone or in combination equal a listing.
>
> The undersigned considered whether the claimant's immune system disorder met the requirements of any of the conditions under listing 14.00 during the period under consideration. The claimant did not meet those listings because the medical evidence does not document that the claimant's immune system disorder presents symptoms that satisfy the criteria for any of the aforementioned conditions.

[*Id.* at 24.]

The 14.00 Listings cover several "Immune System Disorders." 20 C.F.R. § Pt. 404, Subpt. P, App. 1, § 14.00. This includes Listing 14.07, which covers "immune deficiency disorders." *Id.* Listing 14.07 is satisfied by meeting the A, B, or C criteria. *Id.* As noted below, Shelley maintains that she has evidence that she meets the C criteria, which requires the following:

---

[3] Shelley correctly notes that "it is unclear what [immune system] disorder [the ALJ] was considering [to be severe at Step Two]" given that he went on to describe her specific immune system disorders as non-severe. [Dkt. 9 at 9.]

       C. Repeated manifestations of an immune deficiency disorder, with at least two of the constitutional symptoms or signs (severe fatigue, fever, malaise, or involuntary weight loss) and one of the following at the marked level:

       1. Limitation of activities of daily living.
       2. Limitation in maintaining social function.
       3. Limitation in completing tasks in a timely manner due to deficiencies in concentration, persistence, or pace.

[*Id.* § 14.07.]

Shelley argues that the ALJ's Step Three analysis was flawed because the ALJ "failed to properly assess [Shelley's] SAD and combined impairments under Listing 14.07." [Dkt. 9 at 22.] Shelley notes that the ALJ's Step Three analysis was entirely perfunctory. [*Id.*] Specifically, she notes that "[t]he ALJ's 'assessment' of Listing 14.07 was a one-sentence assertion that he generally 'considered' *all* of Listing 14.00 when evaluating her impairments at Step Three." [*Id.* (emphasis in original).] This, says Shelley, is "exactly the kind of 'perfunctory,' boilerplate Step Three analysis [the Seventh] Circuit has found 'inadequate.'" [*Id.* (citing *Minnick v. Colvin*, 775 F.3d 929, 935-36 (7th Cir. 2015)).] Shelley also asserts that "it is unclear whether any medical expert or the ALJ assessed whether Plaintiff's combined medical impairments medically equal Listing 14.07C." [*Id.* (footnote omitted).] She notes that the two agency medical consultants only "assessed Listing 14.06 for undifferentiated and mixed connective tissue disease." [*Id.* at 22 n.2 (citing dkts. 7-3 at 7; 17).] Shelley then details substantial evidence that she contends shows that her combined impairments medically equal Listing 14.07(C) – Immune Deficiency Disorders. [*Id.* at 22-25.]

In response, the Commissioner argues that the ALJ did not err at Step Three. First, the Commissioner contends that Shelley "fails to cite any persuasive medical opinion" to support her argument that she medically equals Listing 14.07, and the Seventh Circuit has "recognized that a 'finding of medical equivalence requires an expert's opinion on the issue.'" [Dkt. 11 at 7 (citing

*Minnick*, 775 F.3d at 935).]  The Commissioner notes that the agency's reviewing physicians found that Shelley did not meet or equal any Listing, and the ALJ was entitled to rely on that assessment. [*Id.*]  Second, the Commissioner argues that "[t]he ALJ needed only to minimally articulate his analysis of th[e] evidence, and the [ALJ's] decision meets this standard."  [*Id.* (citation omitted).]

In reply, Shelley argues that the Commissioner is wrong to suggest that it is Shelley's burden to prove equivalence via a medical expert; instead, she argues that she must only produce medical evidence to support her claim, which, as detailed in her opening brief, she contends that she did.  [Dkt. 12 at 11.]  Shelley reiterates that the ALJ's analysis was inadequate in that he did not consider a whole range of evidence supporting her contention that she meets or equal Listing 14.07(C) or otherwise explain why she fails to medically equal that Listing; thus, he did not build a logical bridge between the evidence and his conclusion.  [*Id.* at 11-13.]

"Under a theory of presumptive disability, a claimant is eligible for benefits if [she] has an impairment that meets or equals an impairment in the Listing of Impairments."  *Barnett v. Barnhart*, 381 F.3d 664, 668 (7th Cir. 2004) (citing 20 C.F.R. § 404.1520(d); 20 C.F.R. Pt. 404, Subpt. P, App. 1).  Each listing specifies criteria that, if met, mean that the claimant is presumptively disabled.  *Id.* (citing § 404.1525(a)).  A claimant can also show that her symptoms "are equal in severity to those described in a specific listing" and be found presumptively disabled. *Id.* (citing § 404.1526(a)).  "When evaluating whether an impairment is presumptively disabling under a listing, the ALJ must discuss the listing by name and offer more than a perfunctory analysis of the listing."  *Jeske v. Saul*, 955 F.3d 583, 588 (7th Cir. 2020) (internal quotation marks and citation omitted).

The Court agrees with Shelley that the ALJ's Step Three analysis was deficient.  The ALJ concluded that Shelley's severe—but unspecified—immune system disorder did not meet *any* of

the several 14.00 Listings without any explanation for why that was the case or what evidence he considered in reaching that conclusion. At most, the ALJ offers the conclusory statement that none of the 14.00 Listings are met because "the medical evidence does not document that the claimant's immune system disorder presents symptoms that satisfy the criteria for any of the aforementioned conditions." [Dkt. 7-2 at 24.] The ALJ was required to "offer more than perfunctory analysis," *Jeske*, 955 F.3d at 588, and his analysis here was, at best, perfunctory. The Seventh Circuit has "repeatedly" held that similar analyses by ALJs are insufficient. *See Minnick*, 775 F.3d at 935-36 (describing the ALJ's two-sentence analysis stating that the evidence does not establish that the claimant meets or equals the requirements of the listing was "the very type of perfunctory analysis we have repeatedly found inadequate" and collecting cases); *Barnett*, 381 F.3d at 670 (concluding that the ALJ's "two-sentence consideration of the Listing of Impairments is inadequate and warrants remand").

The Commissioner opposes this conclusion on two bases, neither of which is persuasive.[4] First, the Commissioner defends the ALJ's Step Three analysis, arguing that the ALJ need only minimally articulate his reasoning. But for the reasons stated above, the ALJ's Step Three analysis here did not meet the minimal articulation requirement. The ALJ provided only the conclusory assertion that the medical evidence did not meet the requirements of the Listings, even though he

---

[4] The Court recognizes that there are cases in which the Seventh Circuit found an ALJ's Step Three explanation deficient but still affirmed the ALJ's decision when the subsequent RFC analysis was sufficient to explain why the claimant did not meet or equal a Listing at Step Three. *See, e.g.*, *Jeske*, 995 F.3d at 589-90. But the Commissioner in Shelley's case did not argue that the ALJ's RFC analysis—or any other part of his analysis—salvaged what was otherwise a clearly deficient assessment at Step Three. The Court will not construct this argument for the Commissioner. *See Spath v. Hayes Wheels Int'l-Ind., Inc.*, 211 F.3d 392 397 (7th Cir. 2000) ("[I]t is not this court's responsibility to research and construct the parties' arguments.") (citation and quotation marks omitted).

was purporting to assess whether Shelley's immune system disorder met any of the 14.00 Listings. [Dkt. 7-2 at 24.]

The Commissioner's second argument is equally unavailing. The Commissioner argues that Shelley "fails to cite any persuasive medical opinion" to support her argument that she medically equals Listing 14.07, and the Seventh Circuit has "recognized that a 'finding of medical equivalence requires an expert's opinion on the issue.'" [Dkt. 11 at 7 (citing *Minnick*, 775 F.3d at 935).] As an initial matter, Shelley points to significant medical evidence that she says supports her contention that she meets or equals List 14.07(C). [*See* dkt. 9 at 22-25 (citing record evidence).] While the "burden is on the claimant at step three . . . the claimant's burden is merely to produce evidence in support of the claim, not to prove equivalence." *Hartley v. Berryhill*, No. 1:17-cv-1043-TWP-TAB, 2018 WL 2173682, at *5 (S.D. Ind. May 10, 2018); *see Terri C. v. Kijakazi*, No. 1:20-cv-2905-TAB-JPH, 2022 WL 278224, at *4 ("[I]t is a claimant's burden to produce evidence in support of her claim [at Step Three] . . . but she need not prove equivalence.") (citing *Scott v. Astrue*, 647 F.3d 734, 741 (7th Cir. 2011).

Moreover, it was the ALJ who failed to consider an expert's opinion on medical equivalence. As Shelley points out, of the 14.00 Listings, the state agency consultants only assessed whether Shelley met or equaled Listing 14.06. [Dkt. 9 at 22 n.2 (citing dkts. 7-3 at 7, 17).] Yet the ALJ concluded that Shelley's—again, unspecified—immune system disorder failed to meet any of the 14.00 Listings, which includes Listing 14.07. The ALJ thus reached the conclusion that Shelley did not meet or medically equal Listing 14.07 without considering an expert's opinion on the issue. Contrary to the Commissioner's argument, it was the ALJ, not Shelley, who needed to consult a medical expert before reaching the conclusion that he did. *See Dziki v. Bisignano*, 2025 WL 2614501, at *3 (S.D. Ind. Sept. 10, 2025) (concluding that the ALJ's

decision was "not supported by substantial evidence or adequate explanation" because the ALJ concluded that the claimant's impairment did not meet or medically equal three specific Listings even though the state agency consultants on which the ALJ relied did not consider or evaluate the claimant under those Listings).

In sum, the ALJ concluded at Step Three that Shelley's immune system disorder failed to meet or medically equal any of the 14.00 Listings but offered only a conclusory explanation for why that was so. The Seventh Circuit has repeatedly held that this is insufficient. *See Minnick*, 775 F.3d at 935-36; *Barnett*, 381 F.3d at 670. The Commissioner's arguments to the contrary are unavailing. Accordingly, the undersigned believes that this case should be reversed and remanded to the ALJ. The undersigned is not making any finding as to the merits of Shelley's positions that she meets or medically equals Listing 14.07(C) or any other Listing.

### B.      Other Arguments

The Parties disagree about the other issues set forth above. Having found that it is necessary to recommend remand for the reasons detailed above, the Court declines to substantively address the Parties' remaining arguments. Either Party may raise those arguments on remand if appropriate to do so.

### IV. CONCLUSION

For the reasons detailed herein, the Magistrate Judge recommends that the District Judge **REVERSE and REMAND** the Commissioner's decision finding that Shelley was not disabled. Any objections to this Report and Recommendation must be filed in accordance with 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P 72(b). The failure to file objections **within 14 days** of this Order will constitute a waiver of subsequent review absent a showing of good cause for that failure. **Counsel should not anticipate any extension of this deadline or any other related briefing deadlines.**

**SO RECOMMENDED.**

Date: 7/28/2026

Kellie M. Barr

Kellie M. Barr
United States Magistrate Judge
Southern District of Indiana

Distribution:

All ECF-registered counsel of record via email